# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2014

Lyle W. Cayce
Clerk

SICINO DUBE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 038 728

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sicino Dube, a citizen and native of Zimbabwe, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his applications for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT), and ordering him removed to Zimbabwe. The BIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adopted the findings of the IJ that Dube's application for asylum was untimely and that Dube's testimony was not credible.

Dube argues that the IJ and BIA erred by denying his requests for asylum and withholding of removal because the adverse credibility determination was unwarranted.   Dube does not challenge the BIA's determination that the asylum application was untimely.  Accordingly, Dube has waived any challenge he could have raised to the denial of his request for asylum. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Dube has also failed to challenge the BIA's denial of his request for withholding of removal under the CAT.  As Dube has not briefed this issue, he has waived it.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Without citation to any authority, Dube argues that the refusal of the BIA and IJ to consider the letters he submitted from his mother and his sister violated his due process rights.  He contends that he explained why the letters were not timely filed because of the difficulty he had obtaining evidence from Zimbabwe.

The IJ gave Dube clear warning regarding the deadline for submitting supporting documentation, and Dube did not timely submit the letters from his mother and his sister.  Immigration regulations provide that immigration judges have the authority to set deadlines for submitting documentation and that if documents are not timely filed, "the opportunity to file that application or document shall be deemed waived."  8 C.F.R. § 1003-31(c).  Furthermore, the letters were unsworn and typed, with no indications that they were authentic, making their evidentiary value dubious.  Accordingly, Dube has not shown that there was a due process violation.  *Cf. Ovalles v. Holder*, 577 F.3d

288, 299-300 (5th Cir. 2009) (holding that BIA's refusal to consider untimely motion to reopen or reconsider did not violate alien's due process rights).

Dube argues that the BIA and IJ erred by denying his request for withholding of removal based upon the determination that his testimony was not credible and unsupported by corroborating evidence.  He maintains that uncorroborated but credible testimony is sufficient to show eligibility for withholding of removal.  He contends that his testimony was detailed and credible and it described his genuine fear of future persecution.  He asserts that minor discrepancies in an alien's testimony regarding matters not material to the claim for relief cannot support an adverse credibility finding and that this makes the BIA's and IJ's adverse credibility finding erroneous.

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), amended the standards for assessing credibility and applies to applications, like Dube's, filed after May 11, 2005, the Act's effective date.  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).  Under the new standards, the BIA or "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538-39 (internal quotation marks and emphasis omitted) (adopting and quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

Dube's argument that the IJ and BIA erred by basing the adverse credibility finding on inconsistencies in matters that were not material to his claims for relief is based upon pre-REAL ID Act law and is without merit.  *See id.* at 538-39.  Dube's testimony and application for relief contained several

No. 13-60207

inconsistencies concerning when his sister was granted asylum in the United Kingdom, why Dube did not produce his Movement for Democratic Change party membership card, and the circumstances of the leasing of Dube's family farm in 2004. Dube was unable to produce corroborating evidence to which he acknowledged he had access, such as his father's death certificate. Additionally, Dube had previously sought legal permanent resident status based upon a marriage to a United States citizen that Citizen and Immigration Services found to be fraudulent. Accordingly, the totality of the circumstances do not compel a finding that Dube was credible, and we must, therefore, accept the credibility determination of the IJ and BIA. *See id.* As Dube has not shown that he produced credible evidence demonstrating a clear probability that he will be subjected to persecution if he returned to Zimbabwe, he has not shown that he was entitled to withholding of removal. *See Kane v. Holder,* 581 F.3d 231, 238 (5th Cir. 2009).

PETITION FOR REVIEW DENIED.